IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN MARTINEZ,

      Petitioner,

v.                                CIVIL ACTION NO. 1:16CV71
                                    (Judge Keeley)

BUREAU OF PRISONS,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 26, 2016, Petitioner, Steven Martinez, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241. On May 9, 2016, Petitioner paid the $5 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

Petitioner, who is currently incarcerated at USP Hazelton, is serving a life sentence imposed by the United States District Court for the Southern District of New York on November 7, 1996.[1] In his original petition, Petitioner named the Bureau of Prisons ("BOP") as Respondent and checked that the petition concerned prison disciplinary proceedings.

---

[1] On June 27, 1995, in the Southern District of New York, Petitioner and two co-defendants were charged in a four-count superceding indictment. Petitioner was charged in Count 1s with Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1117, in Count 2s with Murder, in violation of 18 U.S.C. §§ 1114, 1111; in Count 3s with Larceny and Theft, Postal, in violation of 18 U.S.C. § 371; and in Count 4s with Robbery, Postal, in violation of 18 U.S.C. § 2114. On February 8, 1996, after a 9-day jury trial, Petitioner was convicted of murder, robbery, and conspiracy to commit murder and robbery. See 2:16cv31-JPB-JES (NDWV) ECF No. 24.

1

For relief, Petitioner requested that "the remainder of my property held at FMC Butner [be] forwarded without cost." ECF No. 1 at 8.

On November 19, 2016, Petitioner filed a "Complaint" in this action with attachments. In the complaint, Petitioner named as Respondents: Joe Coakley, Warden of USP Hazelton; Mrs. Harris, Case Manager at FMC Butner; Lebron, Correctional Officer at FMC Butner; and Mr. Norton, Case Manager Coordinator at FMC Butner. Petitioner then sets forth the following allegations.

Prior to his transfer to USP Hazelton, he was housed at FMC-Butner. Petitioner alleges that in June of 2014, he challenged information in his Pre-Sentence Report ("PSR"). Petitioner further alleges that his case manager, Mrs. Harris, refused to forward the challenge to the Probation Office. Petitioner maintains in retaliation for "writing her up'" he was immediately placed on a transfer back to USP Coleman. Petition indicates that he was moved from FMC Butner without ever seeing his property being packed or told by staff that he would have to pay $82.56 to have boxes forwarded to USP Coleman. Petitioner maintains that when he was transferred to FMC Butner, he had five boxes of legal material along with two boxes of personal property. However, when he returned to USP Coleman from FMC Butner, he maintains that he only received four boxes of legal material, and while he received two boxes of personal property, he maintains they were smaller boxes than those sent to FMC Butner, Petitioner maintains that Respondent's Harris and Norton retaliated against him by placing him on transfer status for challenging information in his PSR. Petitioner maintains that this illegal action has denied him a transfer to a prison near his home, lower classification, loss of property and emotional suffering. Petitioner also alleges that Respondent Lebron violated his rights under the Fourth Amendment by

2

intentionally falsifying the event, placing personal property in smaller boxes and misquoting Program Statement 5800.08(d).

Petitioner contends that these actions have caused and continue to cause him pain, suffering and emotional distress. For relief, Petitioner seeks declaratory judgment, a jury trial on all issues, costs and the return of his personal property without cost.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from issues such as parole denial, sentence computation, good conduct time, the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional

3

challenge to the conditions of his prison life, but not the fact or length of his custody." )

In the instant action, it is clear that his petition is not an attack on, nor are its claims related in any way to, the execution of his sentence. Petitioner is not challenging either the fact or duration of his confinement. Instead, he is complaining about retaliation for filing a grievance against Mrs. Harris, transfer to USP Coleman as opposed to a prison closer to his home, and the apparent loss or detention of his personal property, including legal materials. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 399 (1971),[2] and pay the $400.00 filing fee.[3] Moreover, because all of the challenged actions occurred at FMC Butner, which is located in Butner, North Carolina, jurisdiction lies with the United States District Court for the Eastern District of North Carolina.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **TRANSFERRED** as a <u>Bivens</u> action to the Eastern District of North Carolina. In making this recommendation, the undersigned takes no position on the merits of allegations made, but does so because it appears that if this matter is dismissed without prejudice, Petitioner may be time barred from initiating an action in the proper court.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of

---

[2] In <u>Bivens</u>, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a <u>Bivens</u> action as opposed to one under §1983.

[3] If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

4

the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: May 22, 2017.

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE